(86 South. 896)

No. 24028.

BEUHLER v. PALACE MARKET CO., Inc.

(Jan. 3, 1921.)

*(Syllabus by Editorial Staff.)*

Landlord and tenant ⬅➡86(2)—Lessor, on notice by lessee, bound by provision for renewal for five years.

Where a lease explicitly gave lessee the right to lease for a further term of five years at expiration of the lease, and lessee, before expiration of the lease, gave notice to lessor of its leasing the premises for the additional five years, the lessor is bound by the terms of the written lease, and cannot eject lessee.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; Jas. Andrews, Judge.

Suit by Emmett Beuhler against the Palace Market Company, Incorporated. From a judgment for defendant, plaintiff appeals. Affirmed.

J. W. Hawthorn, of Alexandria, for appellant.

Blackman, Overton & Dawkins, of Alexandria, for appellee.

SOMMERVILLE, J. Plaintiff sued defendant for possession of and ejectment from certain premises under lease by plaintiff to defendant in the city of Alexandria, on the expiration of the lease, February 8, 1920.

There is a written contract of lease between plaintiff and defendant. The contract stipulates the terms of the lease, and it contains the following clause:

"It is further agreed and understood that the party of the second part [Palace Market Company, Incorporated] shall have the right to lease the said building for a further term of five (5) years from the end of this lease. The rental for the further term to be the same as for the present lease, to wit, sixty ($60.00) dollars per month."

Plaintiff alleged the contract of lease, a notice to vacate the premises given on February 10, 1920, defendant's continuing to occupy the premises, and then makes the following allegation:

"Petitioner further represents that while, under the terms of the lease, the defendant had the privilege of renewing the same for a further term of five (5) years from the end of this lease, defendant did not give the petitioner notice of its intention to avail itself of the provisions thereof, until after the expiration of said lease."

Plaintiff testified in support of this last allegation, but, on cross-examination admitted that the renewal or extension of the lease was discussed by the parties on or about December 8, 1919. And the evidence of three witnesses for the defendant, to one to the contrary for plaintiff, is to the effect that the renewal of the lease was discussed December 8, 1919, and that defendant through its manager gave notice to plaintiff of its intention to stand upon its rights and to claim the renewal upon the lease for five years at the expiration of its term.

The contract is in writing, and is signed by both parties. It is clear and explicit in giving to defendant the right to lease the building for the further term of five years at the expiration of the lease. As parties bind themselves, so shall they be bound; and as defendant gave notice to plaintiff of its leasing the premises for the additional five years before the expiration of the lease, plaintiff is bound by the terms of the written lease.

The judgment appealed from is affirmed.